UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:15-cr-00097-MOC-DLH

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **KEVIN WAYNE VANOVER** | ) | |
| **MEREDITH ANN YATES,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on the government's Motion to Seal (#102). Earlier, this Court temporarily allowed the proposed sealing of an earlier Order (#75) pending additional briefing. Order (#110). Pursuant to that Order, the parties were allowed additional time to respond and supplement the written arguments. Within the time allowed, the government filed a Memorandum (#111) supporting the earlier Motion to Seal. No opposition was filed by either defendant and no amicus brief from the press or public was submitted despite an extended period between the government's Motion to Seal (#102) and this Order. Now that sentencing has occurred and Judgments have been entered as to each defendant, the Court will consider whether the Order (#75) should remain sealed.

There is a presumption under applicable common law and the First Amendment that pleadings filed in this court will be filed unsealed. Reflecting that presumption, the Local Criminal Rules provide that

> [u]pon motion filed separate and apart from the motion or pleading sought to be sealed, the Court may enter an Order sealing a pending case or any portion thereof after such notice as required by law or these rules has been provided by the moving party. After review by the Court and consideration of alternatives to sealing, the

1

Court may enter either its own Order or adopt a proposed Order if the facts shown justify sealing.

LCrR 55.1.  Thus, a party who seeks to seal any pleading must comply with applicable law concerning sealing, which is set forth, in turn, in Local Civil Rule 6.1 (W.D.N.C. 2009).  The Local Civil Rule provides in relevant part as follows:

### LCvR 6.1      SEALED FILINGS AND PUBLIC ACCESS.

(A)      Scope of Rule.  This rule shall govern any request by a party to seal, or otherwise restrict public access to, any materials filed with the Court or utilized in connection with judicial decision-making.  As used in this rule, "materials" shall include pleadings as well as documents of any nature and in any medium.

(B)      Filing Under Seal.  No materials may be filed under seal except by Order of the Court, pursuant to a statute, or in accordance with a previously entered Rule 26(e) Protective Order.

(C)      Motion to Seal or Otherwise Restrict Public Access. A request by a party to file materials under seal shall be made by formal motion, separate and apart from the motion or other pleading sought to be sealed, pursuant to LCvR 7.1.  Such motion shall be filed electronically under the designation "Motion to Seal." The motion or supporting brief shall set forth:

     (1)      a non-confidential description of the material sought to be sealed;

     (2)      a statement as to why sealing is necessary and why there are no alternatives to filing under seal;

     (3)      unless permanent sealing is sought, a statement as to the period of time the party seeks to have the material maintained under seal and as to how the matter is to be handled upon unsealing; and

     (4)      supporting statutes, case law or other authority.

* * *

(E)      Public Notice.  No motion to seal or otherwise restrict public access shall be determined without reasonable public notice.  Notice shall be deemed reasonable where a motion is filed in accordance with the provisions of LCvR 6.1(C).  Other parties, interveners, and non-parties may file objections and briefs in opposition or support of the motion within the time provided by LCvR 7.1 and may move to intervene under Fed. R. Civ. P. 24.

(F)      Orders Sealing Documents.  Orders sealing or otherwise restricting

access shall reflect consideration of the factors set forth in LCvR 6.1(C). In the discretion of the Court, such orders may be filed electronically or conventionally and may be redacted.

* * *

L.Cv.R. 6.1(W.D.N.C. 2012). With the filing of the government's supporting memorandum (#111), the requirements of Rule 6.1(C)(1) through (4) have now been fully complied with, as the court will now discuss.

As reflected in the rule, the court is required to consider the factors contained in Local Civil Rule 6.1(C). The first factor is found in Local Civil Rule 6.1(C)(1), which requires that the parties adequately describe the materials sought to be sealed. The rule requires "a non-confidential description of the material sought to be sealed." L.Civ.R. 6.1(C)(1). The rule is intended to give third-parties, including the press, fair notice of the nature of the materials sought to be sealed. The description contained in the Memorandum (#111) is adequate.[1]

The court next considers Local Civil Rule 6.1(C)(2), which requires "a statement as to why sealing is necessary and why there are no alternatives to filing under seal." L.Cv.R. 6.1(C)(2). Such statement has been provided and is adequate as it appears that the Order (#75) that government seeks to seal contains information which could compromise and perhaps endanger a witness. The alternative to sealing, redaction (as provided in the exhibit annexed to the Memorandum) is not practical as, even absent personal identifiers, the details of the testimony would still make the witness identifiable due to his small community.

As to Local Civil Rule 6.1(C)(3), it appears necessary that such sealing remain in place past the closing of this case to protect the identity of the witness.

Finally, the court has considered Local Civil Rule 6.1(C)(4), which requires the parties to

---

[1] Unlike the Motion to Seal which was filed as a sealed document, the Memorandum (#111) was filed in a public manner, provided the public with an adequate public description of the materials sought to be sealed and contains reasons why sealing is appropriate.

provide citations of law supporting the relief they seek. The government has complied with such provision, see Memorandum (#11), and such request is consistent with Media General Operations, Inc. v. Buchanan, 417 F.3d 424 (4th Cir. 2005), which held as follows:

> We have held that in determining whether to seal judicial documents, a judicial officer must comply with certain procedural requirements. Washington Post, 807 F.2d at 390. The decision to seal documents must be made after independent review by a judicial officer, and supported by "findings and conclusions specific enough for appellate review." *Goetz*, 886 F.2d at 65-66. If a judicial officer determines that full public access is not appropriate, she "must consider alternatives to sealing the documents" which may include giving the public access to some of the documents or releasing a redacted version of the documents that are the subject of the government's motion to seal. Goetz, 886 F.2d at 66.

Id., at 429.

The proposed sealing of the Order in this matter would be consistent with current case law as the Order, if made publicly available, would disclose the identity of a cooperating government witness, which would expose him to unnecessary danger. Further, the public description of the Sealed Order contained on the docket provides the public with a complete description of the Court's substantive decision, which furthers the public interest in accessing the substance of court decisions.

Having considered all of the factors provided in Local Civil Rule 6.1(C), the court will now fully grant the Motion to Seal.

## ORDER

**IT IS, THEREFORE, ORDERED** that the government's Motion to Seal (#102) is **GRANTED**, and the Order (#75) is permanently sealed.

Signed: May 9, 2017



Max O. Cogburn Jr.
United States District Judge