UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:15-cr-97-MOC-WCM

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **KEVIN WAYNE VANOVER,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on a letter Motion for Compassionate Release/Reduction of Sentence, filed on Defendant's behalf by his mother Betty Lou Webb. (Doc. No. 180). Ms. Webb has attached to the motion a document indicating that she has been authorized to represent Defendant's interests under a power of attorney. (Doc. No. 180-1). In the motion, Ms. Webb seeks for this Court to allow Defendant to be released from his current place of incarceration—Lexington FMC in Lexington, Kentucky—earlier than his scheduled release date of November 15, 2020. Ms. Webb explains that Defendant has been in an isolation cage for nine months and that he is not receiving proper care and treatment for his post-traumatic stress disorder.

The Court is sympathetic to Defendant's mother's care and concern for her son. It is well-settled, however, that non-lawyers may not represent parties in federal court, even when authorized by an agreement or a power of attorney. Kapp v. Booker, No. 05-402-JMH, 2006 WL 385306, at *3 (E.D. Ky. Feb. 16, 2006) ("While an individual may represent themselves pro se, that is, without the benefit of counsel, all states have laws prohibiting a person who is not a lawyer from representing another person in a legal proceeding. While the power of attorney

1

gives Ms. Kapp legal standing to assert claims owned by her husband on his behalf, it does not authorize her to practice law by representing another person, her husband, in a lawsuit: that must still be done by a licensed attorney."); Jacox v. Dep't of Defense, Civ. No. 5:06cv182, 2007 WL 118102, at *1 (M.D. Ga. Jan. 10, 2007) (stating that a power of attorney may not be used to circumvent state law prohibitions on the unauthorized practice of law); DePonceau v. Pataki, 315 F. Supp. 2d 338, 341 (W.D.N.Y. 2004) (same); Lutz v. Lavelle, 809 F. Supp. 323, 325 (M.D. Pa. 1991) (same).

## ORDER

**IT IS, THEREFORE, ORDERED** that the Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 180), is **DENIED** without prejudice to Defendant to file a motion on his own behalf or through a licensed attorney.

Signed: October 13, 2020

Max O. Cogburn Jr.
United States District Judge