IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15-cr-00097-MOC-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | ORDER |
| ) | |
| KEVIN WAYNE VANOVER, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter came before the Court on May 22, 2024 on a request by Kevin Wayne Vanover ("Defendant") that he be allowed to represent himself. The Court issued an oral ruling on the request. This order memorializes that decision.

I. Relevant Background

On May 21, 2024, a Petition was filed alleging that Defendant had violated the terms and conditions of his supervised release. Doc. 185.

Defendant made his initial appearance on the Petition before the undersigned on May 22, 2024.[1] Special Assistant United States Attorney Annabelle Chambers appeared for the Government and Assistant Federal Public Defender Mary Ellen Coleman appeared with Defendant. During that

---

[1] An Addendum and a Second Addendum to the Petition were filed subsequently. Docs. 186, 191.

1

proceeding, Defendant stated that he wished to represent himself. He also requested that standby counsel be appointed for him.

## II. Discussion

"The Sixth Amendment provides that, '[i]n all criminal prosecutions, the accused shall enjoy the right to ... have the Assistance of Counsel for his defence.' U.S. Const. amend. VI. That right includes the right to waive counsel and to represent oneself." United States v. Roof, 10 F.4th 314, 351 (4th Cir. 2021), cert. denied, 143 S. Ct. 303 (2022) (citing Faretta v. California, 422 U.S. 806, 834-36 (1975)).

"A trial court evaluating a defendant's request to represent himself must 'traverse ... a thin line' between improperly allowing the defendant to proceed *pro se,* thereby violating his right to counsel, and improperly having the defendant proceed with counsel, thereby violating his right to self-representation." Fields v. Murray, 49 F.3d 1024, 1029 (4th Cir. 1995) (quoting Cross v. United States, 893 F.2d 1287, 1290 (11th Cir.), cert. denied, 498 U.S. 849 (1990)). "Because an exercise of the right of self-representation necessarily entails a waiver of the right to counsel—a defendant obviously cannot enjoy both rights at trial—the exercise of the right of self-representation must be evaluated by using many of the same criteria that are applied to determine whether a defendant has waived the right to counsel. An assertion of the right of self-representation therefore must be (1) clear and unequivocal; (2) knowing,

intelligent and voluntary; and (3) timely." United States v. Frazier-El, 204 F.3d 553, 558 (4th Cir. 2000) (internal citations omitted).

In this case, the undersigned conducted an inquiry with regard to Defendant's request for self – representation.[2] Defendant stated that he was not under the influence of alcohol, drugs, or medicines that would impact his ability to think and reported filing appellate documents on his own behalf in federal criminal matters. Defendant was advised of the alleged violation of his supervised release conditions and the maximum possible penalties he could be facing if he were found guilty of that offense. Defendant was also advised that the alleged violation references a separate crime for which Defendant could be charged and which would carry additional penalties if he were to be convicted. The Court inquired regarding Defendant's educational background, as well as his ability to understand information, and recommended that Defendant not attempt to represent himself in this case.

As the inquiry proceeded, Defendant's responses and statements concerning whether he wished to represent himself became more equivocal, particularly while Defendant described his experience with counsel in his prior criminal case and his fear that if he were represented by an attorney in this matter that attorney might not submit motions on his behalf.

The Government took no position with regard to the sufficiency of Defendant's waiver of his right to counsel. Ms. Coleman, though, expressed

---

[2] This order does not attempt to catalog all topics that were discussed during the inquiry, which is a matter of record.

3

concern in that regard, and specifically as to whether Defendant's waiver was unequivocal.

The undersigned shares that concern, and finds that Defendant has not made a sufficiently clear and unequivocal, knowing, intelligent and voluntary declaration that he wishes to waive his right to be represented by counsel and to invoke his right to self-representation.

Defendant's request to represent himself in this case is, therefore, **DENIED.**[3]

It is so ordered.

Signed: May 24, 2024

W. Carleton Metcalf
United States Magistrate Judge

---

[3] After the Court announced its ruling, Defendant submitted a financial affidavit and the undersigned directed that counsel be assigned.